Case 1:08-cv-00235   Document 1   Filed 01/10/2008   Page 1 of 5

CEM

FILED
JANUARY 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ERNEST WINTERS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| **CITY OF CHICAGO HEIGHTS,** | ) | |
| A Municipal Corporation, | ) | Jury Demand |
| **Chicago Heights Police Officers** | ) | |
| **ANTHONY BRUNO, Star 144, and** | ) | |
| **FRED SERRATO, Star 110,** | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 235**

**JUDGE GETTLEMAN
MAGISTRATE JUDGE KEYS**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago Heights, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago Heights police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO HEIGHTS is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. At about 9:00 p.m., on June 3, 2006, Plaintiff ERNEST WINTERS was a passenger in a car being driven at or near 1923 Cambridge in Chicago Heights.

9. Plaintiff was the car's owner.

10. There were three other persons in Plaintiff's car.

11. At said time and place, Defendants BRUNO and SERRATO were on patrol in a Chicago Heights police car.

12. To turn around, Plaintiff's car stopped at Cambridge and Concord Drive, and pulled into the driveway at 1923 Cambridge.

13. Defendants BRUNO and SERRATO observed Plaintiff's car turning around and activated their emergency lights.

14. Plaintiff's car stopped and the three others got out of the car and ran.

15. Plaintiff remained in the vehicle.

16. BRUNO and SERRATO ordered Plaintiff out of the car at gunpoint.

17. Plaintiff complied.

18. BRUNO and SERRATO then ordered Plaintiff to lay face down on the ground.

19. Plaintiff complied.

20. Plaintiff was seized and not free to leave.

21. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

22. One of the Defendant-Officers jumped on Plaintiff's back, and then hit Plaintiff in the head and face several times.

23. While the Defendant-Officer was beating him, Plaintiff told the Defendant-Officer that he was disabled.

24. The Defendant-Officer did not respond and continued beating Plaintiff.

25. Plaintiff was handcuffed and placed in a police car.

26. Plaintiff was taken to the Chicago Heights police station.

27. Plaintiff was charged with possession of cannabis.

28. After Plaintiff was released from custody, Plaintiff went to a hospital and received

medical attention for the injuries he received from the above-described beating.

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical pain and suffering, emotional distress, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

33. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

34. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;
b) Award compensatory and punitive damages, as determined at trial;
c) Award attorneys' fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

35. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

36. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

37. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

38. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

39. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

40. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

41. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

42. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO HEIGHTS is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF

CHICAGO HEIGHTS to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

                                                                Respectfully submitted,

                                                                _____
                                                                Louis J. Meyer
                                                                *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595