UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST WINTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 235 |
| ) | |
| CITY OF CHICAGO HEIGHTS, a ) | Judge Gettleman |
| Municipal Corporation, Chicago Heights ) | |
| Police Officers ANTHONY BRUNO, Star ) | |
| 144 and FRED SERRATO, Star 110, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

NOW COME Defendants, CITY OF CHICAGO HEIGHTS, ANTHONY BRUNO and FRED SERRATO, by and through their attorneys, HAUSER, IZZO, DeTELLA & PETRARCA, LLC, to present its Answer to Plaintiff's Complaint. Defendants answer as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §1331 and §1343(a).

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

1

4.　　Plaintiff is a citizen of the United States and a resident of Chicago Heights, Illinois.

**ANSWER:　　Defendants admit that Plaintiff is a citizen of the United States. Defendants are without sufficient knowledge with regard to the remaining allegations contained in this paragraph and, therefore, deny the same.**

5.　　Defendant police officers are duly appointed and sworn Chicago Heights police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:　　Defendants admit the allegations contained in this paragraph.**

6.　　The Defendant-Officers are sued in their individual capacities.

**ANSWER:　　Defendants are without knowledge of the allegation contained in this paragraph and, therefore, deny the same.**

7.　　The CITY OF CHICAGO HEIGHTS is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:　　Defendants admit that the City of Chicago Heights is a municipal corporation duly incorporated under the laws of the State of Illinois. Defendants admit that the City of Chicago Heights is an employer of the Defendant-Officers. Defendants deny the remaining allegations contained in this paragraph.**

8.　　At about 9:00 p.m., on June 3, 2006, Plaintiff ERNEST WINTERS was a passenger in a car being driven at or near 1923 Cambridge in Chicago Heights.

**ANSWER:** **Defendants admit that Plaintiff was in a car in the vicinity of 1923 Cambridge in Chicago Heights Illinois at approximately 9:00 p.m. on June 3, 2006. Defendants deny the remaining allegations contained in this paragraph.**

9. Plaintiff was the car's owner.

**ANSWER:** **Defendants are without sufficient knowledge of the allegations in this paragraph and, therefore, deny the same.**

10. There were three other persons in Plaintiff's car.

**ANSWER:** **Defendants admit that there were three other persons in the same vehicle as Plaintiff. Defendants are without sufficient knowledge of the remaining allegations and, therefore, deny the same.**

11. At said time and place, Defendants BRUNO and SERRATO were on patrol in a Chicago Heights police car.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

12. To turn around, Plaintiff's car stopped at Cambridge and Concord Drive and pulled into the driveway at 1923 Cambridge.

**ANSWER:** **Defendants admit that the vehicle Plaintiff was in pulled into the driveway at 1923 Cambridge St. Defendants are without knowledge as to why the vehicle Plaintiff was in pulled into the driveway at 1923 Cambridge St. and, therefore, deny the allegation that it was used to turn around. Defendants deny the remaining allegations contained in this paragraph.**

13. Defendants BRUNO and SERRATO observed Plaintiff's car turning around and activated their emergency lights.

**ANSWER:** **Defendants admit that Officer Bruno activated the emergency lights on his vehicle. Defendants deny the remaining allegations contained in this paragraph.**

14. Plaintiff's car stopped and the three others got out of the car and ran.

**ANSWER:** **Defendants admit that the car in which Plaintiff was a passenger stopped and three men exited the car and ran. Defendants are without sufficient knowledge regarding the remaining allegations contained in this paragraph and, therefore, deny the same.**

15. Plaintiff remained in the vehicle.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

16. BRUNO and SERRATO ordered Plaintiff out of the car at gunpoint.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

17. Plaintiff complied.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

18. BRUNO and SERRATO then ordered Plaintiff to lay face down on the ground.

**ANSWER:** **Defendants admit that Plaintiff laid face down on the ground. Defendants deny the remaining allegations contained in this paragraph.**

19. Plaintiff complied.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

20. Plaintiff was seized and not free to leave.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

21. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any

city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to stop, detain or search Plaintiff.

**ANSWER:   Defendants admit that they did not have an arrest warrant for the arrest of Plaintiff. Defendants deny the remaining allegations contained in this paragraph.**

22. One of the Defendant-Officers jumped on Plaintiff's back, and then hit Plaintiff in the head and face several times.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

23. While the Defendant-Officer was beating him, Plaintiff told the Defendant-Officer that he was disabled.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

24. The Defendant-Officer did not respond and continued beating Plaintiff.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

25. Plaintiff was handcuffed and placed in a police car.

**ANSWER:   Defendants admit the allegations contained in this paragraph.**

26. Plaintiff was taken to the Chicago Heights police station.

**ANSWER:   Defendants admit the allegations contained in this paragraph.**

27. Plaintiff was charged with possession of cannabis.

**ANSWER:   Defendants admit the allegations contained in this paragraph.**

28. After Plaintiff was released from custody, Plaintiff went to a hospital and received medical attention for the injuries he received from the above-described beating.

**ANSWER: Defendants admit that Plaintiff was released from custody. Defendants are without sufficient knowledge regarding whether Plaintiff went to a**

**hospital and received medical attention and, therefore, deny the same. Defendants deny the remaining allegations contained in this paragraph.**

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical [sic] pain and suffering, emotional distress and other damages.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT I

### 42 U.S.C. §1983 – Unreasonable Seizure

31. Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants restate their responses to paragraphs 1 through 30.**

32. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

33. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

34. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT II

### 42 U.S.C. §1983 – EXCESSIVE FORCE

35. Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to paragraphs 1 through 30.**

36. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive force and unreasonable force.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT III

### 42 U.S.C. §1983 – FAILURE TO INTERVENE

37. Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to paragraphs 1 through 30.**

38. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

39. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT IV

### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102

40. Plaintiff re-alleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to the above paragraphs.**

41.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

42.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO HEIGHTS is liable for any judgments in this case arising from the actions of Defendant-Officers.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

                Respectfully submitted,

                CITY OF CHICAGO HEIGHTS,
                ANTHONY BRUNO and FRED
                SERRATO

      By:     /s/ William F. Gleason
                WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

8

## **AFFIRMATIVE DEFENSES**

1.      The Defendant-Officers had a reasonable articulable suspicion to stop the vehicle that Plaintiff was a passenger in on June 3, 2006.

2.      The Defendant-Officers had a reasonable articulable suspicion to stop and question Plaintiff on June 3, 2006 at the time that he was ordered out of the vehicle.

3.      The Defendant-Officers used only that force which was reasonable and necessary to effectuate the arrest of Plaintiff.

4.      The actions of the Defendant-Officers were permissible under existing law and, therefore, they are entitled to qualified immunity.

                    Respectfully submitted,

                    CITY OF CHICAGO HEIGHTS,
                    ANTHONY BRUNO and FRED SERRATO

        By:    /s/ William F. Gleason
                    WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766
5G:\MUNICIPAL\Chicago Heights\Winters\answer.1.doc