UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST WINTERS, | ) |
| | ) |
| Plaintiff, | ) No. 08 C 235 |
| | ) |
| vs. | ) Judge Gettleman |
| | ) Magistrate Judge Keys |
| CITY OF CHICAGO HEIGHTS, et al., | ) |
| | ) |
| Defendants. | ) |

## AGREED QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P.26 (c) and 45 C.F.R. §§ 160 & 164, the parties to this action, and for the reasons set forth in the record, the Court finds:

A. *The following words and terms are defined for purposes of this protective order:*

1. "Parties" shall mean Plaintiff, Defendant City of Chicago Heights, individual Defendant-Officers, their attorneys, and any additional parties that this Court may subsequently recognize as subject to this protective order.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996. Public Law 104-191 (1996).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIP AA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, a) the past, present, or future physical or mental condition of an individual; b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. A separate authorization shall be necessary before any records pertaining to any alcohol or other drug treatment may be disclosed.

5. When used in this Order, the word "document" or "documents" means all

written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

  6. For good cause shown and found by this Court, "Confidential Matter" shall mean the following:

  a. All personal residential addresses and telephone numbers, social security numbers, and drivers' license numbers (hereinafter referred to as "Personal Identifying Information") relating to any individual (including the plaintiff, defendants and non-party witnesses), which shall be redacted from any documents copied and produced. The producing party shall keep a copy of the unredacted document. In the event that any party in good faith believes it has a need for any Personal Identifying Information, counsel shall first attempt to resolve the matter amicably before asking the Court to resolve the dispute. In all instances, such Personal Identifying Information shall be treated as Confidential Matter pursuant to this Protective Order.

  b. Any personal information that would identify persons who have made complaints of misconduct to the Chicago Heights Police Department.

  c. The following records relating to any individual (including the plaintiff, defendants and non-party witnesses): Employment records, including but not limited to, records relating to employee benefits and employment history; financial records of any individual; medical records; and disciplinary records including but not limited to files generated by complaints of misconduct, provided, however, that any information that is publically available or has not been maintained confidential may not be designated Confidential Matter.

  *B.* *This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.*

  1. The Parties shall be familiar with HIPAA and the Privacy Standards.

  2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

  *C.* *The Parties will abide by the following terms and conditions:*

  1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2.   The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3.   The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action.

4.   The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. By waiving notice requirements that arise under HIPAA and the Privacy Standards, Plaintiffs do not waive the notice requirements under the Federal Rules of Civil Procedure for any subpoenas issued or medical records obtained in this litigation. The Parties shall release the PHI of the following person(s):

**ERNEST WINTERS**

5.   The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**CONFIDENTIAL**
*or*
**CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 235**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6.   Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7.   To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example social security number).

8. By this Protective Order, the discovering Party or a member of the public may apply to the Court, with proper notice, under the procedure set out by the court or under applicable rules, to the producing Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the producing party does not contain confidential information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c), with the burden on the party attempting to designate material as Confidential Matter. The fact that a party has designated material as Confidential Matter does not, of itself, create any presumption for or against the treatment. However, the entry of this Protective Order reflects the Court's determination that the materials described in ¶A(6) constitute Confidential Matter for which there is good cause to impose the limitations imposed by this Order.

9. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth, or any other recognized objection to discovery.

10. This Protective Order may be modified by further order of the Court upon application to the Court with notice. This Protective Order does not preclude the parties from entering into confidentiality agreements among themselves or with third-parties; however, such agreements shall have the force of contract only and shall not be considered orders of the Court.

11. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained from the Court. If a party intends to file a motion or other paper with the Court which contains information designated as Confidential Matter by the other party or a non-party, the filing party shall give reasonable notice of that intention to the designating party. A party seeking to file its own Confidential Matter under seal, or a designating party given notice that a party intends to file the designating party's Confidential Matter, shall file and notice for hearing a Motion to File Under Seal prior to the due date of the particular ruing. The Motion shall be brought to the District Judge. The Motion to File Under Seal must include a specific description of the document (or categories of documents) that the party seeks to file under seal and explain why confidentiality is necessary. The movant's counsel shall bring a copy of the document or documents to the hearing for examination by the Court.

12. Any Document from which all Confidential Matter has been redacted is not confidential.

13. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

Date: *September 8*, 2008

ENTERED:

*Arlander Keys*
ARLANDER KEYS
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT